## MARCELIN MAJOR et al. *v.* VIRGINIE ESNEAULT.

A mere defect of hearing, or of sight, does not render a person incompetent to be a witness to a nuncupative will.

There is neither a substitution, nor *fidei commissum*, in a will to the following effect: " In consequence of the affection I bear to my grand neice, A., a child whom I have brought up, and who has always taken care of me, I give and bequeath the whole of my property, after my debts are paid, willing that, at my decease, my executor shall put the said legatee in possession of my land and slaves; that the whole shall be administered and preserved in kind by my executor, for the best interests of the said legatee, until she shall have attained the age of majority, or have married." The evidence showing, that the legatee was of age when the testatrix died.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Provosty*, for plaintiffs. *Lacoste* and *T. J. Cooley*, for defendant. The judgment of the court was pronounced by

Eustis, C. J. The plaintiffs, who are the heirs at law of *Mrs. Simon Porche*, late of the parish of Pointe Coupée, instituted the present suit for the purpose of annulling her last will and testament. The testatrix died in December, 1850. The will bears date the 23d of October, 1846. It is in the nuncupative form, by public act; was made at the domicil of the testatrix, in the parish of Pointe Coupée, and is signed by her, by the notary, and by three witnesses. The case was tried before a jury, who rendered a verdict for the defendant; and from the judgment on the verdict the plaintiffs have appealed.

The grounds for the nullity of the testament, relating to matters of form, as presented by counsel, are, that the instrument was not dictated by the testatrix and written by the notary, in the presence of the witnesses, and that one of the

witnesses to the will was deaf. All the formalities required by law for the validity of this class of wills, appear, on the face of this instrument, to have been complied with. The case was tried in September, 1851, nearly five years after the making of the will. The plaintiffs introduced, as witnesses on the trial, the three witnesses to the will, *Favre, Monceret* and *Boiteux.* The two first, *Favre* and *Monceret*, prove a compliance with the forms required by the article 1571 of the Code. The testimony of *Boiteux* does not support that of the other witnesses, as to the dictation of the testatrix and the writing of the will in their presence. But there would be no propriety in permitting his testimony to outweigh and contradict that of the two other witnesses offered by the plaintiffs themselves. Giving no more than its due weight to the act of a public officer; considering that the dissenting witness signed the act, in which he bore witness that the formalities had been complied with, which his testimony now tends to falsify; and bearing in mind the uncertainty attending the precise recollection of facts occuring at so distant a period, we are bound to hold this part of the plaintiffs' case as not proved.

The counsel for the plaintiffs has urged, that a person too deaf to hear the testatrix dictate her will, is not a competent witness to it, according to the article 1584 of the Code. This article declares persons insane, deaf, dumb, or blind, are absolutely incapable of being witnesses to testaments. We do not think that the witness, *Favre*, can be considered as laboring under this incapacity, at the time of his being a witness to this will. We think, the contrary results from his testimony.

It is impossible to extend this article, which establishes an absolute incapacity of being witnesses to last wills, to persons whose sense of hearing or seeing is merely defective. The incapacity is based upon the physical impossibility of the deaf, the blind, the dumb and the insane, fulfilling the duties of witnesses. The law does not exclude from being witnesses to wills, those whose organs of sight or hearing are not perfect; and an infirmity of a witness, in this respect, can only be considered as operating upon the effect of his testimony. The partial deafness of the witness, *Favre*, appears to have been disclosed on his cross-examination. He was offered as a witness by the plaintiffs. No allegation of the deafness or incompetency of the witness was made in the petition, as a substantive ground for annulling the will and taking his testimony together; and, making allowance for the manner in which the testimony of witnesses is reduced to writing by the clerk on the trial, we think it proves a compliance with the requisites of the law, in the making of the will.

Such being our conclusions, after an attentive examination of the evidence adduced by the plaintiffs, against the formalities of the will, it is unnecessary to consider that offered by the defendant.

Other grounds are alleged, on which the nullity of the will is asserted. It is said that the will is null, because the clause by which the executor was directed to keep in his hands, all the property bequeathed to the universal legatee, and to preserve the same for her until she became of age, constitutes a *fidei commissum*, and is prohibited by law. The clause of the will is to this effect: "In consequence of the affection I bear to my grand neice, *Victorie Virginie Esneault,* daughter of the late *Louis Esneault,* and his wife, *Aspasié Major,* a child whom I have brought up, and who has always taken care of me, I give and bequeath to her, the whole of my property, (my debts being first paid, and the legacies made by me being satisfied,) willing hereby, that at my decease, my executor shall put the said legatee in possession of my land and slaves; that the whole shall be

administered and preserved in kind by my executor, for the best interests of the said *Victorie Virginie Esneault*, until she shall have attained the age of majority, or have married."

*Gosseraud*, the executor named in the will, died two years before the testatrix. This clause creates neither a substitution nor a *fidei commissum*. The property is given to the legatee absolutely, and she is to be put in possession. There is no disposition in favor of one person, of property to be preserved and to be returned to another. There is no right of property established in the executor. *Miss Esneault*, the legatee, was born in December, 1827. She was eighteen years of age in 1846, when the will was made, and was of age when the testatrix died. There is nothing illegal in a testamentary disposition of this kind. The other testamentary dispositions present no ground whatever for the plaintiffs' action. The testatrix gave to the mother of the universal legatee, the usufruct of two arpents of land front, with the buildings, &c.; she gave their liberty to certain slaves, and the usufruct of three arpents part of land to a free woman of color. The plaintiffs have no interest in contesting the validity of those legacies, if they fail, they inure to the benefit of the universal legatee. *Prevost* v. *Martel*, 10 R. R., 513. C. C. 1697.

The judgment of the district court is therefore affirmed, with costs.